45 F.3d 436
 1995-1 Trade Cases P 70,857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ORLANDO THUNDER, L.P., a Florida limited partnership,
Plaintiff-Appellee,
v.
NATIONAL FOOTBALL LEAGUE; World League of American
Football, L.P., et al., Defendants-Appellants.
 No. 93-15839.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1994.
Decided Dec. 22, 1994.
 
 Before: WALLACE, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 ORDER
 
 1
 The district court's April 15, 1993, order denying World League of American Football's motion to compel arbitration is reversed and remanded. Although we have previously held that domestic antitrust claims are not arbitrable, Lake Communications v. ICC Corp., 738 F.2d 1473, 1479 (9th Cir.1984), the rule was fundamentally undermined by the Supreme Court's opinion in Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614, 632-35 (1985) (international antitrust disputes are arbitrable). In Nghiem v. NEC Electronic, 25 F.3d 1437 (9th Cir.1994), we expressly held that domestic antitrust claims are now arbitrable. Nghiem is controlling.
 
 
 2
 On remand, the district court must compel arbitration of all claims against defendant World League of American Football. Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213 (1985). However, the district court may exercise its discretion in determining whether to stay proceedings involving defendants not party to the arbitration agreement. See id.